1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  MARTHA L. ROS,

12                                          Plaintiff,

13          vs.

14  U.S. BANK, NATIONAL
    ASSOCIATION AS TRUSTEE FOR
15  THE HOLDERS OF THE BEAR
    STEARNS ARM TRUST,
16  MORTGAGE PASS-THROUGH
    CERTIFICATES, SERIES 2005-7;
17  BANK OF AMERICA, N.A. D/B/A
    BAC HOME LOANS SERVICING,
18  LP; AND DOES 1 THROUGH 10,
    INCLUSIVE
19
                                        Defendants.
20

CASE NO. 12cv1447-GPC(BGS)

**ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS**

[Dkt. No. 4.]

21          On June 14, 2012, Plaintiff Martha Ros filed a complaint against Defendants

22  U.S. Bank National Association as Trustee for the Holders of Bear Stearns Arm Trust,

23  Mortgage Pass-Through Certificates, Series 2005-7 ("U.S. Bank") and Bank of

24  America, N.A. as successor by merger to BAC Home Loans Servicing, LP ("BOA")

25  (erroneously sued as "Bank of America N.A. D/B/A BAC Home Loans Servicing,

26  LP"). (Dkt. No. 1.) On August 27, 2012, Defendants filed a motion to dismiss

27  pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 4.) On October 9,

28  2012, the case was transferred to the undersigned judge. (Dkt. No. 7.) On February

13, 2013, the Court granted Plaintiff's motion for extension of time to file an opposition. (Dkt. NO. 10.) On February 14, 2012, Plaintiff filed an opposition. (Dkt. No. 11.) Defendants filed a reply on March 1, 2013. (Dkt. No. 12.) The motions are submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). After a review of the briefs, supporting documentation, and applicable law, the Court GRANTS Defendants' motion to dismiss.

### Background

According to the Complaint, Plaintiff has been the owner of real property at 1548 Apache Drive, #B, Chula Vista, CA 91910. (Dkt. No. 1, Compl. ¶ 6.) Around April 5, 2006, Ros obtained title to the property by grant deed. (Dkt. No. 1-2, Compl., Ex. A.) She also executed a Mortgage Note in favor of Countrywide Home Loans, Inc. ("Countrywide") secured by a Deed of Trust on the property. (Dkt. No. 1, Compl. ¶ 27; Ex. B.) The Deed of Trust named Recontrust Company, N.A. as the Trustee and named Mortgage Electronic Registration Systems ("MERS") as "beneficiary." (Id.)

On November 15, 2010, MERS assigned the beneficial interest in the Deed of Trust to U.S. Bank National Association as Trustee for the Holders of Bear Stearns ARM Trust, Mortgage Pass-Through Certificates, Series 2005-7 ("Assignment"). (Id., Ex. C.) The Assignment was recorded with the San Diego Recorder's Office on November 17, 2010. (Id.)

Plaintiff alleges that Countrywide attempted to securitize and sell her loan to U.S. Bank but contends that Countrywide never sold, transferred or granted her Note or Mortgage to U.S. Bank as they failed to comply with the Pooling and Servicing Agreement ("PSA") by failing to properly endorse, transfer, accept and deposit with the Securitization Trust before the "closing date" on the prospectus. (Id. ¶¶ 19, 28-33.)

Attempts at a loan modification failed and BOA declared a "default" on the Note. (Id. ¶ 63.) On July 21, 2009, Defendants sent Plaintiff a "Notice of Default and Election to Sell Under Deed of Trust" whereby US Bank demanded payment of $15,745.00. (Id. ¶ 67.) On October 27, 2009, Defendants issued a "Notice of Trustee

Sale" that informed Plaintiff that her property would be sold absent a voluntary payment under the Note and Deed of Trust.  (Id.)  The most recent Notice of Trustee's Sale was recorded on January 23, 2012.  (Dkt. 4-4, Ds' RJN, Ex. D.)

Plaintiff alleges eight causes of action: 1) declaratory relief; 2) negligence; 3) quasi-contract; 4) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; 5) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.; 6) violation of California's Unfair Competition Law ("UCL), California Business & Professions Code section § 17200 *et seq*.; 7) accounting; and 8) violation of 18 U.S.C. § 1951(b)(2)- extortion.  (Dkt. No. 1.)

**A.     Legal Standard on Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.  See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).  Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim

1   entitling the plaintiff to relief." <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir.

2   2009) (quotations omitted).  In reviewing a Rule 12(b)(6) motion, the Court accepts as

3   true all facts alleged in the complaint, and draws all reasonable inferences in favor of

4   the plaintiff.  <u>al-Kidd v. Ashcroft</u>, 580 F.3d 949, 956 (9th Cir. 2009).

5        In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a Court may consider

6   exhibits attached to the complaint, matters subject to judicial notice, or documents

7   necessarily relied on by the complaint whose authenticity no party questions.  <u>See</u>

8   <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007); <u>Lee v. City of Los Angeles</u>,

9   250 F.3d 668, 688–689 (9th Cir. 2001); <u>United States v. Ritchie</u>, 342 F.3d 903, 908

10  (9th Cir. 2003) ("A court may, however, consider certain materials-documents attached

11  to the complaint, documents incorporated by reference in the complaint, or matters of

12  judicial notice-without converting the motion to dismiss into a motion for summary

13  judgment.").

14  **B.    Defendants' Request for Judicial Notice**

15       Defendants seek judicial notice of documents recorded in the official records of

16  the San Diego County Recorder's Office, (Dkt. No. 4-3, Exs. A-D), and documents

17  filed in the case of <u>Ros v. U.S. Bank, et al.</u>, Case No. 37-2012-00091736-CU-CO-CTL,

18  in the San Diego Superior Court.  (Dkt. No. 4-3, Exs. E-I.)  Plaintiff does not oppose

19  the request.  The Court finds that the documents are all part of the public record and

20  may be judicially noticed.  <u>See</u> <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d

21  741, 746 n. 6 (9th Cir. 2006).  Accordingly, the Court GRANTS Defendants' request

22  for judicial notice.

23  **C.    Collateral Estoppel/Res Judicata**

24       Defendants argue that the complaint should be barred by the doctrine of

25  collateral estoppel and res judicata.  Plaintiff argues that this argument is not proper on

26

27

28

a motion to dismiss under Rule 12(b).[1]

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that we "give the same preclusive effect to a state-court judgment as another court of that State would give." Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 523 (1986).   Under California law,

> the doctrine of res judicata gives certain *conclusive effect* to a *former judgment* in subsequent litigation involving the same controversy. The doctrine has a double aspect.  In its primary aspect, commonly known as claim preclusion, it operates as a bar to the maintenance of a second suit between the same parties on the same cause of action.  In its secondary aspect, commonly known as collateral estoppel, the prior judgment . . . operates in a second suit . . . based on a different cause of action . . . as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action. The prerequisite elements for applying the doctrine to either an entire cause of action or one or more issues are the same: (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and 3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.

Boeken v. Philip Morris USA, Inc., 48 Cal. 4th 788, 797-98 (2010) (internal citations and quotations omitted).

"To determine whether two proceedings involve identical causes of action for purposes of claim preclusion, California courts have consistently applied the primary rights theory." Boeken, 48 Cal. 4th at 797 (internal quotations omitted).  "Under this theory, a cause of action arises out of an antecedent primary right and corresponding duty and the delict or breach of such primary right and duty by the person on whom the duty rests." Id. (internal quotations omitted).  "Of these elements, the primary right and duty and the delict or wrong combined constitute the cause of action in the legal sense of the term." Id. at 797-98 (internal quotations omitted).  As, for purposes of applying the doctrine of res judicata, "the cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or

---

[1]Contrary to Plaintiff's argument, res judicata is appropriately raised on a motion to dismiss. See Brambila v. Wells Fargo Bank., No. 12cv4224 NC, 2012 WL 5383306, at *4 (N.D. Cal. Nov. 1, 2012).

statutory) advanced." Id. at 798.  In other words, "one injury gives rise to only one claim for relief." Id.  Thus, "under the primary rights theory, the determinative factor is the harm suffered," and "[w]hen two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." Id.

What is key to the analysis is " 'the harm suffered.'" San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement Sys., 568 F.3d 725, 734 (9th Cir. 2009) (quoting Agarwal v. Johnson, 25 Cal.3d 932 (1970)). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." Id. (quoting Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174 (1983)).  In other words, so long as the same primary right is at issue, res judicata "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Kay v. City of Rancho Palos Verdes, 504 F.3d 803, 809 (9th Cir. 2007) (internal quotation marks and citations omitted).

Plaintiff's state court action, filed on February 2, 2012, sought declaratory relief stemming from the assertion that Defendants U.S. Bank, BOA and Recontrust Company are not the successors, purchasers or assignors to Countrywide Home Loan relative to the Mortgage Note and have no standing to seek or collect payments as Defendants do not have actual possession of the Note and failed to provide Plaintiff with any documents concerning the transfer of the Note and Deed of Trust.  (Dkt. No. 4-4, Ds' RJN, Ex. E. ) In this case, Plaintiff allege additional facts, based on the securitization and failure to comply with the PSA, explaining why Defendants U.S. Bank and BOA are not the successors of the Note and Deed of Trust.

It appears that the primary right is the same in both the state and the instant federal complaint.  While this complaint provided additional facts and asserts additional legal theories, not provided in the state court complaint, the harm to

[12cv1447-GPC(BGS)]

1   Plaintiff, of having paid Defendants moneys that they were not entitled to, and the

2   alleged wrong by Defendants, of collecting payments from Plaintiff that they were not

3   entitled to, is the same.

4        Another factor to address is whether "the prior proceeding resulted in a final

5   judgment on the merits." Boeken, 48 Cal. 4th at 797.  In California, "a judgment

6   entered after the sustaining of a general demurrer is a judgment on the merits, and, to

7   the extent that it adjudicates that the facts alleged do not establish a cause of action, it

8   will bar a second cause action on the same facts." Palomar Mobilehome Park Ass'n

9   v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993).  Further, a "dismissal [of a

10  complaint] with prejudice is the equivalent of a final judgment on the merits, barring

11  the entire cause of action." Boeken, 48 Cal.4th at 793.  "Where the court prevents the

12  litigation of matters which inhere in the cause of action, on the ground that they are not

13  pleaded, plaintiff's remedy is either to seek to amend or to have the ruling, if erroneous,

14  corrected by appropriate proceedings for review. An erroneous judgment is as

15  conclusive as a correct one."[2] Panos v. Great Western Packing Co. , 21 Cal.2d 636,

16  640 (1943).

17       Here, on June 1, 2012, the San Diego Superior Court, in a minute order,

18  sustained Defendants' unopposed demurrer to Plaintiff's complaint without leave to

19  amend for failure to state a cause of action, and ordered that the action be dismissed

20  with prejudice which was later accompanied by a proposed order sustaining demurrer

21  to Plaintiff's complaint.  (Dkt. No. 4-4, Ds' RJN, Exs. G, H.)  On June 11, 2012, the

22  Superior Court issued an order sustaining the demurrer to Plaintiff's complaint and

23  judgment was entered for Defendants on June 11, 2012.  (Id., Ex. H.)  A notice of entry

24  of judgment was served on Plaintiff on June 25, 2012.  (Id., Ex. I.)

25

26       [2]The Court notes that Plaintiff should have either sought to amend his complaint
    with the Superior Court or to have the ruling corrected by appropriate proceedings in
27  state court.  See Panos, 21 Cal. 2d at 640.  Instead, four days after the Superior Court
    sustained the demurrer to Plaintiff's complaint and eleven days before Plaintiff
28  received the notice of entry of judgment, Plaintiff filed a complaint in this Court
    seeking relief.

1    The underlying purpose of res judicata and collateral estoppel is to prevent the

2    relitigation of claims and issues already decided on the merits in a prior case.   It

3    contemplates that the prior court adjudicated or considered the merits of the case.   This

4    is a unique situation where Defendants' demurrer was unopposed and the Court

5    sustained the demurrer without leave to amend and dismissed the complaint with

6    prejudice.   It is not clear whether the state court's order was based on a review or actual

7    determination on the merits.   Defendants have not provided the Court with authority

8    that such a situation, where the court sustains an unopposed demurrer without leave to

9    amend and dismisses the complaint with prejudice, constitutes a final judgment on the

10    merits.   Accordingly, the Court concludes that Defendants have failed to establish that

11    res judicata and collateral estoppel bar Plaintiff's complaint.

12    **D.    Tender**

13    Defendant argues that all claims as to all causes of action are predicated on

14    allegations of a wrongful foreclosure and that the complaint should be dismissed

15    because Plaintiff did not tender the full amount of the debt.   Plaintiff argues that she

16    has properly tendered and can easily cure any defect by appropriate amendment.   She

17    further argues that even if she did not tender, the exception to tender applies as she is

18    attacking the validity of the underlying debt.[3]

19    "As a condition precedent to an action by the borrower to set aside the trustee's

20    sale on the ground that the sale is voidable because of irregularities in the sale notice

21    or procedure, the borrower must offer to pay the full amount of the debt for which the

22    property was security." Lona v. Citibank, NA, 202 Cal. App. 4th 89, 112 (2011);

23    Onofrio v. Rice, 55 Cal. App. 4th 413, 424 (1997) (the borrower must pay, or offer to

24    pay, the secured debt, or at least all of the delinquencies and costs due for redemption,

25

26    [3]Plaintiff argues that the complaint challenges the validity of the underlying debt and therefore, the exception to tender applies.   The Court disagrees.   Plaintiff does not dispute that a balance is due on the Note. (Dkt. No.1, Compl. ¶ 24.)   Plaintiff does not challenge the validity of debt but disputes

27    the identify of her creditor.   See Williams v. One West Bank, FSB, No. EDCV12-1695 JGB(OPx), 2013 WL 1390038, at *4 (C.D. Cal. Apr. 4, 2013) (tender was required because plaintiffs were

28    disputing the identify of their creditor, not the debt itself).   Therefore, that exception to tender does not apply.

before commencing the action.)  "The rationale behind the rule is that if [the borrower] could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the [borrower]."  <u>FPCI RE–HAB 01 v. E & G Investments, Ltd.</u>, 207 Cal. App. 3d 1018, 1022 (1989).

There are, however, four exceptions to the tender requirement.  Tender is not required "1) if the borrower's action attacks the validity of the underlying debt; 2) if the person who seeks to set aside the trustee's sale has a counter-claim or set-off against the beneficiary; 3) where it would be inequitable to impose such a condition on the party challenging the sale; and 4) where the deed is void on its face."  <u>Albano v. Cal-Western Reconveyance Corp.</u>, No. 4:12cv4018 KAW, 2012 WL 5389922, at *7-8 (N.D. Cal. Nov. 5, 2012) (citing <u>Lona v. Citibank, N.A.</u>, 202 Cal. App. 4th 89, 112 (2011)).

Here, Plaintiff challenges the allegedly improper transfer of the Note and Deed of Trust from Countrywide to U.S. Bank and not any irregularity in the sale procedure. Because Plaintiff is not attacking a trustee's sale[4] for irregularities in the notice or sale procedure, Plaintiff's causes of action is not subject to the tender requirement.  The Court will thus determine whether Plaintiff has sufficiently stated her remaining claims.

**E.    First Cause of Action - Declaratory Relief**

Plaintiff alleges that Defendants do not have a "secured or unsecured legal, equitable, or pecuniary interest in the lien evidenced by the Deed of Trust and that its purported assignment or substitution has no value since the Deed of Trust is wholly unsecured." (Dkt. No. 1, Compl. ¶ 84.)  Plaintiff requests that the Court find that Defendants "have no right or interest in Plaintiff's Note, Deed of Trust, or the Property, which authorized them . . . to collect Plaintiff's mortgage payments or enforce the terms of the Note or Deed of Trust . . . ." (<u>Id.</u> ¶ 87.)

Defendants move to dismiss arguing that because all other claims fail, Plaintiff has no right to relief as declaratory relief is an additional remedy.  Plaintiff opposes.

---

[4]In fact, it is not clear whether the property has been subject to a sale.

The Declaratory Judgment Act ("DJA") provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.  "A declaratory judgment offers a means by which rights and obligations may be adjudicated in cases 'brought by any interested party' involving an actual controversy that has not reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so." Seattle Audubon Soc. v. Moseley, 80 F.3d 1401, 1405 (9th Cir. 1996). The DJA's operation "is procedural only" in that it provides a remedy and defines procedure in relation to cases and controversies in the constitutional sense. See Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240  (1937). Thus, a "claim" for declaratory relief does not by itself state a claim.   Audette v. Int'l Longshoremen's & Warehousemen's Union, 195 F.3d 1107, 1111 n .2 (9th Cir. 1999); Realty Experts Inc. v. RE Realty Experts, Inc., No. 11cv1546-JLS(CAB), 2012 WL 699512, at *2 (S.D. Cal. Mar.1, 2012).

As discussed below, the Court grants Defendants' motion to dismiss as to all causes of action.  Therefore, the declaratory relief claim fails as there are no remaining causes of action, and declaratory relief, by itself, cannot state a claim.   Accordingly, the Court GRANTS Defendants' motion to dismiss the first cause of action for declaratory relief without prejudice.

**F.     Second Cause of Action - Negligence**

Plaintiff contends that Defendants breached their duty to exercise reasonable care to "follow California law with regard to enforcement of monetary obligations and to refrain from taking or failing to take any action against Plaintiff that they did not have the legal authority to do."  (Dkt. No., 1, Compl. ¶ 93.) She alleges that U.S. Bank breached that duty when it "failed to follow guidelines established in the PSA requiring the transfer of the Note and Deed of Trust into the Bear Stearns Arm Trust, Mortgage

1  Pass-Through Certificates, Series 2005-7 by the requisite closing date." (Id. ¶ 95.)  As

2  a direct and proximate result of the negligence, Plaintiff suffered general and special

3  damages.  (Id. ¶ 96.)

4       Defendants argue that there is no duty of care owed to Plaintiff because a lender-

5  borrower relationship does not give rise to a special or fiduciary relationship.  Plaintiff

6  maintains that Defendants owed her a duty of care because of their unconventional

7  relationship.

8       Under California law, the elements of a claim for negligence are that: (1)

9  defendant had a legal duty to plaintiff, (2) defendant breached this duty, (3) defendant

10  was the proximate and legal cause of plaintiff's injury, and (4) plaintiff suffered

11  damage.  Cal. Civ. Code § 1714; Merrill v. Navegar, Inc., 26 Cal.4th 465, 500 (2001).

12       As a general rule, under California law, "a financial institution owes no duty of

13  care to a borrower when the institution's involvement in the loan transaction does not

14  exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart

15  Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1095–96 (1991).  However, "liability

16  to a borrower for negligence arises only when the lender actively participates in the

17  financed enterprise beyond the domain of the usual money lender."  Id. at 1096;

18  Ansanelli v. J.P. Morgan Chase Bank. N.A., No. C 10-3892 WHA, 2011 WL 1134451,

19  at *11 (N.D. Cal. Mar. 28, 2011) (court found duty of care where complaint alleged that

20  defendant went beyond its role as a silent lender and loan servicer to offer an

21  opportunity to plaintiffs for loan modification and to engage with them concerning the

22  trial period plan.  Contrary to defendant, this is precisely "beyond the domain of a usual

23  money lender."  Plaintiffs' allegations constituted sufficient active participation to

24  create a duty of care to plaintiffs to support a claim for negligence).

25       In this case, Plaintiff's assertions are contradictory because, in the Complaint,

26  she states that Defendants are "third-party strangers to her mortgage loan and have no

27  ownership interest entitling them to collect payment or declare a default."  (Dkt. No.

28  1, Compl. ¶ 1.)   Yet, in opposition, Plaintiff claims she and Defendants had an

1   unconventional relationship which creates a special duty.  Moreover, Plaintiff has not

2   provided any legal support that this alleged "unconventional relationship" creates a

3   legal duty between Plaintiff and Defendants.   Accordingly, the Court GRANTS

4   Defendants' motion to dismiss the negligence claim without prejudice.

5   **G.     Third Cause of Action - Quasi-Contract/Unjust Enrichment**

6          In the third cause of action, Plaintiff alleges that Defendants were unjustly

7   enriched because they collected Plaintiff's monthly mortgage payments even though

8   Defendants did not have an interest in Plaintiff's Note. (Dkt. No. 1, Compl. ¶¶ 98-101.)

9   Plaintiff seeks restitution for any payments she made to U.S. Bank and BOA.

10          Defendants argue that the recorded document of the Assignment of the Deed of

11   Trust to U.S. Bank is evidence of Defendants' interest in the Note and Deed of Trust.

12   Plaintiff opposes arguing that the legitimacy of this recorded assignment was fabricated

13   and fraudulent.

14          "The theory of unjust enrichment requires one who acquires a benefit which may

15   not justly be retained, to return either the thing or its equivalent to the aggrieved party

16   so as not to be unjustly enriched." Othworth v. So. Pac. Trans. Co., 166 Cal. App. 3d

17   452, 460 (1985). "[A]n individual may be required to make restitution if he is unjustly

18   enriched at the expense of another. A person is enriched if he receives a benefit at

19   another's expense. The term 'benefit' denotes any form of advantage . . . . Even when

20   a person has received a benefit from another, he is required to make restitution only if

21   the circumstances of its receipt or retention are such that, as between the two persons,

22   it is unjust for him to retain it." F.D.I.C. v. Dintino, 167 Cal. App. 4th 333, 346–47

23   (2008) (internal citations and quotations omitted).  The Ninth Circuit established that

24   a claim of quasi-contract "does not lie when an enforceable, binding agreement exists

25   defining the rights of the parties." Paracor Finance, Inc. v. General Electric Capital

26   Corp., 96 F.3d 1151, 1167 (9th Cir. 1996).

27          In Hunt, Plaintiffs signed a Note and a Deed of Trust and it was not disputed that

28   any payments made were rightfully due under the Note. Hunt v. U.S. Bank, No. EDCV

12-2171-VAP(OPx), 2013 WL 1398964, at *8 (C.D. Cal. Apr. 3, 2013).[5]  The district court noted that to the extent that Defendants were unjustly enriched by collecting money due another, Plaintiffs were not the "aggrieved party."  Id.  The "aggrieved" party would be the lender who was actually entitled to collect the debt payment, not Plaintiffs.  Id.  Similarly, in this case, Plaintiff does not dispute that payment is due under the Note.  (See Dkt. No. 1, Compl. ¶ 24.)  While Plaintiff alleges that Defendants were unjustly enriched by receiving payments from Plaintiff, as required under the Note, she is not the "aggrieved party" and cannot bring a claim for quasi-contract.  See Hunt, 2013 WL 1398964 at *8.  Moreover, the underlying Note and Deed of Trust, the validity of which is not in dispute, is an enforceable, binding agreement defining the rights of the parties.  Therefore, a quasi-contract claim cannot lie.  See Niranjan v. Bank of America, N.A, No. C12-5706 WHA, 2013 WL 2931636, at *2 (N.D. Cal. June 13, 2013) (quasi-contract claim fails because underlying deed of trust is still valid despite argument that the deed and note were void at the time the note was sold into asset-backed securities pool and MERS had no authority to transfer the deed).  Accordingly, the Court GRANTS Defendants' motion to dismiss the quasi-contract claim with prejudice.

**H.    Fourth Cause of Action - RESPA, 12 U.S.C. § 2605**

Plaintiff alleges that on March 21, 2012 and again on April 26, 2012,  she sent a qualified written request ("QWR") to U.S. Bank and U.S. Bank failed to provide the required information which violated 12 U.S.C. § 2605. (Dkt. No. 1, Compl. ¶¶ 104, 107.)

Defendants argue that the RESPA claim fails because U.S. Bank was not the loan servicer at the time she sent the qualified written request.  In addition, Defendants maintain that the complaint fails to allege the "actual damages" she suffered as a result of Defendants' failure to properly respond to the QWR.  Plaintiff disagrees.

Only servicers are required to respond to a QWR.  See 12 U.S.C. §

---

[5]Plaintiff's counsel in Hunt is the same counsel for Plaintiff in this case.

1   2605(e)(1)(A); <u>Consumer Solutions REO, LLC v. Hillery</u>, 658 F. Supp. 2d 1002, 1014

2   (N.D. Cal. 2009).  Here, BOA is the servicer of the loan, not U.S. Bank.  Plaintiff has

3   failed to allege a cause of action under 12 U.S.C. § 2605.

4        Moreover, RESPA provides that "[w]hoever fails to comply with any provision

5   of this section shall be liable" for "any actual damages to the borrower as a result of the

6   failure." 12 U.S.C. § 2605(f)(1)(A).

7        In the complaint, Plaintiff alleges that damages include the "overcalculation and

8   overpayment of interest on Plaintiff's loan, the costs of repairing Plaintiff's credit, the

9   reduction and/or elimination of Plaintiff's credit limits, costs associated with removing

10  the cloud on her property title and setting aside the trustee's sale, and attorneys' fees

11  and costs . . . ." (Dkt. No. 1, Compl. ¶ 108.)  These conclusory damages do not explain

12  the connection between these alleged damages and any failure to respond to Plaintiff's

13  QWR.  <u>See</u> <u>Derusseau v Bank of America, N.A.</u>, No. 11cv1766-MMA(JMA), 2011 WL

14  5975821, at *4 (S.D. Cal. Nov. 29, 2011) (same damage request considered general

15  allegation of harm and insufficient under 12 U.S.C. § 2605(f)(1)).

16       Moreover, under 12 U.S.C. § 2605(a), a loan servicer has an obligation to act

17  when it receives a QWR from the borrower or borrower's agent "for information

18  relating to the servicing of [the] loan." 12 U.S.C. § 2605(e)(1)(A).  Servicing "means

19  receiving any scheduled periodic payments from a borrower . . .  and making the

20  payments of principal and interest and such other payments with respect to the amounts

21  received from the borrower."  <u>Id.</u> § 2605(i)(3).

22       In this case, Plaintiff's letter of March 21, 2012 and April 26, 2012 dispute the

23  validity of the loan and not its servicing.  <u>See</u> <u>Consumer Solutions REO, LLC</u>, 658 F.

24  Supp. 2d at 1014 (dismissing 12 U.S.C. § 2605(e) with prejudice as letter simply

25  disputed the validity of the loan and not its servicing).  Accordingly, the Court

26  DISMISSES the RESPA claim with prejudice.

27  **I.    Fifth Cause of Action - Fair Debt Collection Practices Act, 15 U.S.C. § 1692**

28       Plaintiff contends that Defendants violated the FDCPA by attempting to collect

- 14 -                                    [12cv1447-GPC(BGS)]

1   on the Note under false pretenses, namely that Defendants were assigned Plaintiff's
2   debt when in fact they were not.  (Dkt. No. 1, Compl. ¶ 112.)

3        Defendants argue that Plaintiff does not allege Defendants are "debt collectors"
4   as defined under the FDCPA.  U.S. Bank is the assignee of the Loan and BOA is the
5   the Loan servicer and they argue they not subject to the FDCPA.  They also argue that
6   Plaintiff does not identify any specific improper debt collection activities.  Plaintiff
7   opposes.

8        A debt collector is defined as "any person who uses any instrumentality of
9   interstate commerce or the mails in any business the principal purpose of which is the
10  collection of any debts, or who regularly collects or attempts to collect, directly or
11  indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §
12  1692a(6).  The term does not include any person who collects any debt owed or due to
13  the extent such activity concerns a debt which "was originated by such person" or "was
14  not in default at the time it was obtained by such person."  15 U.S.C. §§ 1692a(6)(F)
15  (ii); (iii).  The FDCPA's definition of debt collector "does not include the consumer's
16  creditors, a mortgage servicing company, or any assignee of the debt, so long as the
17  debt was not in default at the time it was assigned."  Nool v. HomeQ Serv., 653 F.
18  Supp. 2d 1047, 1053 (E.D. Cal. 2009) (citing Perry v. Stewart Title Co., 756 F.2d 1197,
19  1208 (5th Cir. 1985)).

20       First, Plaintiff has failed to allege that Defendants are engaged in business with
21  the "principal purpose" of collecting debts or that Defendants are persons who
22  "regularly"collect debts on behalf of others.  Moreover,  U.S. Bank, as the assignee of
23  the debt, and BOA, as the mortgage servicing company, are not subject to the FDCPA.
24  See Nool, 653 F. Supp. at 1053.  Accordingly, the Court GRANTS Defendants' motion
25  to dismiss the claim under the FDCPA with prejudice.

26  **J.**    **Sixth Cause of Action -California Business and Professions Code section**
27      **17200**

28       Plaintiff's sixth cause of action for violation of California Business and

Professions Code section 17200 is grounded on Defendants' conduct described above. (Dkt. No. 1, Compl. ¶ 119.)

Section 17200 provides a cause of action for "unfair competition," which is defined as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Unlawful" practices include "anything that can properly be called a business practice and at the same time is forbidden by law." Farmers Ins. Exch. v. Superior Court, 2 Cal. 4th 377, 383 (1992). Section 17200 "borrows" violations of other laws and treats them as unlawful practices independently actionable under section 17200. Id. "Unfair" means any practice whose harm to the victim outweighs its benefits. Olsen v. Breeze, Inc., 48 Cal. App. 4th 608, 618 (1996). "Fraudulent" as used in the statute does not refer to the common law tort of fraud, but rather requires a showing that members of the public are likely to be deceived. Id.; Bank of the West v. Superior Court, 2 Cal. 4th 1254, 1267 (1992). Plaintiffs' UCL claim is dependent on the substantive causes of action alleged in the first amended complaint. Krantz v. BT Visual Images, LLC, 89 Cal. App. 4th 164, 178 (2001).

Since the Court grants Defendants' motion to dismiss as to all causes of action, the Court also GRANTS Defendants' motion to dismiss as to the claim of unfair business practices pursuant to California Business & Professions Code section 17200 without prejudice

**K.     Seventh Cause of Action - Accounting**

Plaintiff alleges she is entitled to an accounting because she made mortgage payments to Defendants for many years and is due money which cannot be ascertained without an accounting. (Dkt. No. 1, Compl. ¶¶ 129-131.)

"A request for a legal accounting must be tethered to relevant actionable claims." Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009). Because each of Plaintiff's claims are subject to dismissal, she has not "anchored her request to any viable claims" and her accounting claim cannot survive. See id. Accordingly, Plaintiff's cause of action for accounting must be dismissed

without prejudice.

**L.      Eighth Cause of Action - Extortion, 18 U.S.C. § 1951(b)(2)**

Plaintiff claims that Defendants have violated the Hobbs Act, 18 U.S.C. § 1951(b)(2), a criminal extortion statute, by falsely asserting a right to payments on the Note and Deed of Trust "as well as the filing and recording of multiple notices with the County Recorder designed to wrongfully threaten the Plaintiff with dispossession of her home absent voluntary payments as demanded by and on behalf of the Defendants." (Dkt. No. 1, Compl. ¶ 134.)

No private right of action exists under the Hobbs Act.  See Wisdom v. First Midwest Bank, 167 F.3d 402, 408–409 (8th Cir. 1999); Alexandre v. Phibbs, No. 96-55434, 1997 WL 341830, at *1 (9th Cir. June 19, 1997); Kissi v. U.S. Dep't of Justice, 793 F. Supp. 2d 233, 235 (D.D.C. 2011).

As Plaintiffs cannot make out a valid claim under 18 U.S.C. § 1951(b)(2), the Court GRANTS Defendants' motion to dismiss the claim for extortion with prejudice.

**Conclusion**

Based on the above, the Court GRANTS Defendants' motion to dismiss. Specifically, the Court:

1)      DISMISSES without prejudice Plaintiff's first cause of action for declaratory relief;

2)      DISMISSES without prejudice Plaintiff's second cause of action for negligence;

3)      DISMISSES with prejudice Plaintiff's third cause of action for quasi-contract;

4)      DISMISSES with prejudice Plaintiff's fourth cause of action for violation of RESPA, 12 U.S.C. § 2605;

5)      DISMISSES with prejudice Plaintiff's fifth cause of action for violation of FDCPA, 12 U.S.C. § 692 et seq.;

6)      DISMISSES without prejudice Plaintiff's sixth cause of action for violation of California's Business and Professions Code sections 17200 et seq.;

7)      DISMISSES without prejudice Plaintiff's seventh cause of action for an

[12cv1447-GPC(BGS)]

1      accounting;

2  8)     DISMISSES with prejudice Plaintiff eighth cause of action for violation of 18

3      U.S.C. § 1951(b)(2).

4      Plaintiff is granted twenty (20) days from the date this Order is filed to file an

5 Amended Complaint addressing the deficiencies set forth above.

6      IT IS SO ORDERED.

7

8 DATED:  June 20, 2013

9

10             HON. GONZALO P. CURIEL
             United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 18 -

[12cv1447-GPC(BGS)]